UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

DAVID WARREN,

                                          Plaintiff,

-against-

THE CITY OF NEW YORK; JOHN ROE, as Administrator of the Estate of Detective GEORGE DELGROSSO, JACK ROE, as Administrator of the Estate of Detective JAMES KENNEDY, JOHN BANE, WALLACE ZEINS, MICHAEL PACCIONE, THOMAS CRUTHERS, JAMES COWAN, STEPHEN BAVOLAR, JOE ROE, as Administrator of the Estate of Detective RICHARD CHARTRAND, RICK ROE, as Administrator of the Estate of Detective RUDOLPH STUBBS, CANDICE BRIDGWOOD, as Administrator of the Estate of Detective HARRY BRIDGWOOD, MICHAEL GOLDSTEIN, SUSAN AXELROD, DAVID DRUCKER, BONNIE SARD, WILLIAM DARROW, CHARLES KING, CONSUELA FERNANDEZ, CHRISTINE KEENAN, TERRI ROSENBLATT, PETER SALERNO, JEFF SALTA, and JOHN/JANE DOES #1-10 being unknown employees of the City of New York, in their individual and official capacities,

                                          Defendants.
------------------------------------------------------------------------X

**STIPULATION OF SETTLEMENT**

24 CV 5085 (DG) (JAM)

        **WHEREAS,** plaintiff commenced this action by filing a complaint on or about July 22, 2024, alleging that the defendants violated plaintiff's federal civil and state common law rights; and

        **WHEREAS,** defendants have denied any and all liability arising out of plaintiff's allegations; and

**WHEREAS,** on March 11, 2025, the claims in plaintiff's complaint for future damages, including but not limited to future economic losses and future non-economic damages and injuries, against defendant City of New York were voluntarily dismissed with prejudice; and

**WHEREAS,** on March 11, 2025, all claims in plaintiff's complaint against Wallace Zeins, Michael Paccione, Thomas Cruthers, James Cowan, Stephen Bovalar, Candice Bridgwood, as Administrator of the Estate of Harry Bridgwood, Michael Goldstein, Susan Axelrod, David Drucker, Bonnie Sard, William Darrow, Charles King, Consuela Fernandez, Christine Keenan, Terri Rosenblatt, Peter Salerno, Jeff Salta, John Roe, as Administrator of the Estate of Detective George Delgrosso, Jack Roe, as Administrator of the Estate of Detective James Kennedy, and other as-yet-unknown John and Jane Does #1-10 were voluntarily dismissed with prejudice; and

**WHEREAS,** the parties now desire to resolve the issues raised in this litigation, without further proceedings and without admitting any fault or liability; and

**WHEREAS,** plaintiff has authorized his counsel to settle this matter on the terms set forth below;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned, as follows:

1. The above-referenced action is hereby dismissed against defendant City of New York, with prejudice, and without costs, expenses, or attorneys' fees except as specified in paragraph "2" below.

2. Defendant City of New York hereby agrees to pay plaintiff David Warren the sum of Eleven Million One Hundred Thirty Thousand ($11,130,000.00) Dollars in full satisfaction of all claims, including claims for costs, expenses and attorneys' fees. In consideration for the payment of this sum, plaintiff agrees to dismissal of all the claims against defendant City

2

of New York and to release defendant City of New York; its successors or assigns; and all past and present officials, employees, representatives, and agents of the City of New York or any entity represented by the Office of the Corporation Counsel, from any and all liability, claims, or rights of action alleging a violation of plaintiff's civil rights and any and all related state law claims, from the beginning of the world to the date of the General Release, including claims for costs, expenses, and attorneys' fees.

3.   Notwithstanding anything herein to the contrary, it is understood and agreed that this settlement of Eleven Million One Hundred Thirty Thousand ($11,130,000.00) Dollars does not compensate plaintiff in relation to any of plaintiff's claims in this action for future damages, including but not limited to future economic losses and future non-economic damages and injuries, against defendant City of New York. All claims in this action for future damages against defendant City of New York were voluntarily dismissed with prejudice on March 11, 2025.

4.   Plaintiff shall execute and serve on the City of New York's attorney by legal tender (either by personal service or certified mail) at 100 Church Street, New York, New York 10007 all documents necessary to effect this settlement, including, without limitation, a General Release, based on the terms of paragraph "2" above, IRS Form W-9, and an Affidavit of Status of Liens. Prior to tendering the requisite documents to effect this settlement, Medicare-recipient plaintiffs must obtain and submit a final demand letter from their Medicare provider(s) for the reimbursement of any conditional payments made for the injuries claimed in this matter. A Medicare Set-Aside Trust may also be required if future anticipated medical costs are found to be necessary pursuant to 42 U.S.C. § 1395y(b) and 42 C.F.R. §§ 411.22 through 411.26.

5.   The total settlement cost constitutes damages on account of wrongful incarceration within the meaning of §139F of the Internal Revenue Code of 1986, as amended.

6. Nothing contained herein shall be deemed to be an admission by the defendants that they have in any manner or way violated plaintiff's rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, or the City of New York or any other rules or regulations of any department or subdivision of the City of New York.  This stipulation shall not be admissible in, nor is it related to, any other litigation or settlement negotiations, except to enforce the terms of this agreement.

7. Nothing herein shall be deemed to compromise plaintiff's claim for damages against the State of New York for Unjust Conviction pursuant to Section 8-b of the Court of Claims Act, captioned as *David Warren v. State of New York* and bearing Court of Claims No. *141836*.

8. Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York or any agency thereof.

9. Plaintiff agrees to hold harmless defendants regarding any past and/or future Medicare claims, presently known or unknown, in connection with this matter.  If Medicare claims are not satisfied, defendants reserve the right to issue a multiparty settlement check naming the Medicare provider as a payee or to issue a check directly to the Medicare provider for the amount claimed in the Medicare provider's final demand letter.

10. This Stipulation of Settlement contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation of Settlement regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

Dated: New York, New York
_____, 2025
LAW OFFICES OF JAMES HENNING &
ASSOCIATES, PLLC
Attorneys for Plaintiff
16 Court Street Suite 503
Brooklyn, New York 11241

By: _____/s/_____
    James Henning, Esq.
    Carissa Caukin, Esq.
    Finn Mayock, Esq.
    Attorneys for Plaintiff

NEW YORK COUNTY DISTRICT
ATTORNEY'S OFFICE
Office of the General Counsel: Civil
Litigation Unit
Attorney for Defendants Michael Goldstein, Susan Axelrod, David Drucker, Bonnie Sard, William Darrow, Charles King, Consuela Fernandez, Christine Keenan, Terri Rosenblatt, Peter Salerno and Jeff Salta
One Hogan Place
New York, New York 10013

By: _____/s/_____
    Corey Shoock, Esq.
    Deputy General Counsel

MURIEL GOODE-TRUFANT
Corporation Counsel of the
    City of New York
Attorney for Defendants City of New York, John Bane, Wallace Zeins, Thomas Cruthers, Stephen Bavolar, Candice Bridgwood, as Administrator of the Estate of Harry Bridgwood, Michael Paccione and James Cowan
100 Church Street, 3rd Floor
New York, New York 10007

By: _____/s/_____

    Brian Francolla
    Senior Counsel

SO ORDERED:

HON. DIANE GUJARATI
UNITED STATES DISTRICT JUDGE

Dated: _____, 2025

5